UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS HERNANDEZ, | : | CIVIL ACTION NO. **3:CV-12-0062** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT SAUERS, et al., | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

 On December 8, 2011, Petitioner, Luis Hernandez ("Petitioner"), an inmate at the State Correctional Institution at Frackville ("SCI-Frackville") in Frackville, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. (Doc. 1). Petitioner's petition included a motion for a stay. (*Id.*). Petitioner names as a Respondents SCI-Frackville Superintendent Sauers, the District Attorney of York County, Pennsylvania and the Attorney General of Pennsylvania (collectively, "Respondents"). On January 9, 2012, the United States District Court for the Western District of Pennsylvania transferred the case to the Middle District of Pennsylvania. The Petitioner paid the required filing fee. (Doc. 1).

 On February 6, 2012, the Court directed Respondents to respond to Petitioner's habeas corpus petition and Petitioner's motion for a stay. (Doc. 6). After the Court granted Respondent an extension of time to file their response, on April 26, 2012, Respondents filed Response to Petitioner's habeas petition, with several attached exhibits, Exs. 1-3. (Doc. 12).

Respondents did not respond to Petitioner's motion to stay. (*Id.*). Petitioner filed his Traverse on June 13, 2012. (Doc. 16).

Petitioner was convicted on September 15, 2006 in the York County Court of Common Pleas ("YCCP"), and his total aggregate sentence was fourteen (14) to twenty-eight (28) years. (Doc. 1, ¶ 3.).[1] Petitioner challenges issues from his September 2006 jury trial in which he was convicted of robbery and aggravated assault, while being represented by counsel, in the YCCP.

Petitioner raises four issues in his petition for habeas corpus relief.[2] (Doc. 1). Ground One of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel in, (a) failing to obtain cellular telephone records that would have established that one of the alleged victims knew petitioner, and (b) failing to object. (Doc. 1, p. 7). Ground Two of Petitioner's petition asserts trial counsel rendered ineffective assistance of counsel in the failure to object when the prosecutor engaged in prosecutorial misconduct during his trial in the opening statement to the jury. (*Id.*). Ground Three of Petitioner's petition asserts trial counsel rendered ineffective assistance of counsel when the prosecutor engaged in prosecutorial misconduct during his trial in the closing argument to the jury (*Id.*). Ground Four of Petitioner's

_____

[1] We take judicial notice of the Pennsylvania state court docket sheet in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Court of Common Pleas of York County Criminal Docket Number: CP-67-CR-0000737-2006. *See http://ujsportal.pacourts.us.*

[2] Respondents have restated Petitioner's four issues and separated the issues in their response to five issues. We will address the issues as Petitioner has stated in his habeas corpus petition. (Doc. 1).

petition asserts that trial counsel and post-conviction counsel rendered ineffective assistance of counsel of counsel by failing to correct false and perjured testimony. (*Id.*).

As relief, Petitioner asks the court to grant a stay of his habeas petition until the Superior Court[3] decides the pending state appeal and to permit Petitioner to amend the current habeas petition and file a memorandum of law. (*Id.*).

## II. State Procedural Background.

On September 15, 2006, a jury sitting in the YCCP found Petitioner guilty of robbery and aggravated assault. (York County CCP docket sheet, # CP-67-CR-0000737-2006). On November 8, 2006 , the YCCP sentenced Petitioner to an aggregate term of fourteen (14) to twenty-eight (28) years of incarceration. (*Id*.). On November 9, 2006, Petitioner filed a motion to modify the sentence. (*Id*.). On November 14, 2006, Petitioner filed a *pro se* Notice of Appeal in the Pennsylvania Superior Court. (*Id*.). On December 4, 2006, Petitioner, through counsel, filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id*.).

On December 4, 2006, the YCCP denied the post-sentence motions. (*Id*.). On February 26, 2008, the Superior Court of Pennsylvania affirmed the YCCP. (*Id*.).

On August 1, 2008, Petitioner filed a *pro se* Post Conviction Relief Act ("PCRA") petition, 42 Pa. C.S.A. §§ 9541, et seq. (*Id*.). On November 9, 2009, Petitioner filed a second *pro se* PCRA petition. (*Id*.). On April 26, 2010, Petitioner filed an amended PCRA petition through counsel. (*Id*.). On April 27, 2010, the trial court dismissed the PCRA petition. (*Id*.). On

---

[3]Petitioner's appeal docket sheet, 2085 MDA 2011, reveals that the Superior Court of Pennsylvania affirmed the decision of the YCCP on July 24, 2012. *See* http://ujsportal.pacourts.us. We take judicial notice of the appeal docket sheet.

May 19, 2010, Petitioner filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id.*). On January 28, 2011, the Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition. (*Id.*). On February 28, 2011, Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. (*Id.*). On September 14, 2011, the Supreme Court of Pennsylvania denied allocator. (*Id.*).

On November 1, 2011, Petitioner filed a third *pro se* PCRA petition. (*Id.*). On November 4, 2011, the YCCP denied the third PCRA petition as untimely. (*Id.*). On November 28, 2011, Petitioner filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id.*). On July 24, 2012, the Superior Court of Pennsylvania affirmed the YCCP.

**III. Standard of Review.**

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for

4

evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir.

2002)).  Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established,"  the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule.  *Id*. at 889.  Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

**IV. Discussion.**

### 1. *Timeliness*

Respondents have not addressed the issue of the timeliness of Petitioner's petition for writ of habeas corpus in their response.[4]  (Doc.  12).  However, we will briefly address the issue.  The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4]The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts.  28 U.S.C. § 2254(b)(1)(A); *See also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990).  It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*.  *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Rhodes v. Winstead*, Slip Copy, 2010 WL 936763, at *16 (W.D.Pa., 2010) states:

Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review". [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is March 27, 2009, since Petitioner 's state court conviction became final on March 26, 2008 when the thirty day deadline for seeking review in the PA Supreme Court expired. *See* Pa.R.App.P. 113(a). *See also Fletcher v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702.

Thus, Petitioner had until March 27, 2009, in addition to any time during which the statute of limitations ("SOL") was tolled, to file his §2254 habeas petition in a timely manner.

*See Fletcher v. Lawlor*, 2011 WL 1288689, *2. Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

On February 26, 2008, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. (York County CCP docket sheet, # CP-67-CR-0000737-2006). On August 1, 2008, Petitioner filed a *pro se* PCRA petition which was continued generally by the CCP on October 1, 2008. (*Id.*). On November 9, 2009, Petitioner filed a second *pro se* PCRA petition. (*Id.*). On April 26, 2010, Petitioner filed an amended PCRA petition through counsel. (*Id.*). On April 27, 2010, the trial court dismissed the PCRA petition. (*Id.*). On May 19, 2010, Petitioner filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id.*). On January 28, 2011, the Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition. (*Id.*). On February 28, 2011, Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. (*Id.*). On September 14, 2011, the Supreme Court of Pennsylvania denied allocator. (*Id.*).

Petitioner next filed a a third *pro se* PCRA petition on November 1, 2011. (*Id.*). On November 4, 2011, the YCCP denied the third PCRA petition as untimely. (*Id.*). On November 28, 2011, Petitioner filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id.*). On July 24, 2012, the Superior Court of Pennsylvania affirmed the YCCP.

Thus, we find that Petitioner's SOL started to run on March 26, 2008. The SOL was tolled from the filing of Petitioner's first PCRA petition on August 1 2008 which was denied by the YCCP on April 27, 2010. On May 19, 2010, Petitioner filed a Notice of Appeal in the

Pennsylvania Superior Court and on January 28, 2011, the Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition. (*Id*.). On February 28, 2011, Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. (*Id*.). On September 14, 2011, the Supreme Court of Pennsylvania denied allocator. (*Id*.). Therefore, we can find that the entire period from August 1, 2008 through September 14. 2011 was excluded from the AEDPA SOL. Thus, we find that Petitioner's SOL started to run again on September 14, 2011.[5]

Petitioner filed a third PCRA Petition on November 1, 2011 which was denied by the state court as untimely on November 4, 2011. (*Id*.). It does not appear as though Petitioner's November 1, 2011 PCRA petition would toll the statute of limitations with respect to Petitioner 's §2254 habeas petition since untimely PCRA petitions are not "properly filed" for purposes of the AEDPA statute of limitations. *Fletcher v. Lawlor*, 2011 WL 1288689, *3. Petitioner filed the habeas petition on December 8, 2011. The AEDPA SOL ran from March 26, 2008 through July 31, 2008 and again from September 14, 2011 through December 8, 2011 which is a total of two hundred eleven (211) days and is well under the year limitation. Accordingly, we find that Petitioner's one-year AEDPA statute of limitations did not expire and the habeas petition is timely filed.

### 2. *State Court Exhaustion*

Respondent contends that Petitioner has failed to exhaust one of his four present habeas claims, specifically, his Ground Four claim that trial counsel and post-conviction counsel

---

[5]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

rendered ineffective assistance of counsel of counsel by failing to correct false and perjured testimony. (Doc. 1, p. 7). Thus, Respondent maintains that Petitioner has filed a mixed habeas petition and that Petitioner only exhausted his Ground One claim, *i.e.* that trial counsel rendered ineffective assistance of counsel in, (a) failing to obtain cellular telephone records that would have established that one of the alleged victims knew petitioner, and (b) failing to object; Ground Two claim, trial counsel rendered ineffective assistance of counsel in the failure to object when the prosecutor engaged in prosecutorial misconduct during his trial in the opening statement to the jury; and Ground Three, ineffective assistance of counsel when the prosecutor engaged in prosecutorial misconduct during his trial in the closing argument to the jury. (*Id.*). Respondents request that the court dismiss Petitioner's Ground Four claim which Respondent argues was not exhausted, and to render a decision on the merits of Petitioner's Ground One, Two and Three claims.

> In *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10), the Court stated: As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell*, 535 U.S. 685, ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009); *Rose v. Lundy*, 455 U.S. 509, 515-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir.1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir.1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition ...." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir.1982).FN5 The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138.
>
> FN5. Exceptions to the exhaustion requirement are made when:
> (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials

have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock,* 821 F.2d 179, 184 (3d Cir.1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt,* 26 F.3d 402, 405 (3d Cir.1994); *Schandelmeier v. Cunningham,* 819 F.2d 52, 55 (3d Cir.1986).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000) (citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

The *Myers* Court then addressed procedural default of habeas claims and stated:

"[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is procedural default for the purpose of federal habeas ...." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999). A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *Lines,* 208 F.3d at 166.

> Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. *See Carter v. Vaughn,* 62 F.3d 591, 595 (3d Cir.1995). Similarly, procedural default occurs when a petitioner presented the claim in the state system, but the state court refuses to address the claim on the merits because of "a state-law ground that 'is independent of the federal question and adequate to support the judgment.' " *Cone,* 129 S.Ct. at 1780 (quoting Coleman, 501 U.S. at 729). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. *Coleman,* 501 U.S. at 732.

*Id.* at *4.

Based on the recent, July 24, 2012 decision of the Superior Court of Pennsylvania, Petitioner no longer has any appeals pending in the state courts. Thus, we will determine if Petitioner has procedurally defaulted his claims.

Petitioner's December 4, 2006 direct appeal in the Pennsylvania Superior Court raised the following issues:

> 1. Whether [Petitioner] should receive a new trial because the Commonwealth failed to present sufficient evidence at trial to support and sustain a finding of guilt on the charges of aggravated assault and robbery;

> 2. Whether this honorable Court should, at a minimum, remand for sentencing because the trial court abused its discretion by imposing consecutive sentences on the charges of aggravated assault and robbery without setting forth the proper justification on the record;

> 3. Whether this honorable court should remand for sentencing because the trial court erred in computing [Petitioner's] prior record score; and

> 4. Whether this honorable court should remand for sentencing because the trial court erred by not merging the offenses of aggravated assault and robbery for sentencing purposes.

(Doc. 12, p. 331).

Petitioner's PCRA petition filed on August 1, 2008 and amended by counsel on

April 26, 2010 raised the following issues:

> 1.  Trial counsel provided ineffective assistance by failing to obtain phone records showing that one of the alleged victims, Steven Gray, knew the [Petitioner], although Gray testified at the time of trial (and in prior matters) that he did not know the [Petitioner] or his co-defendants;

> 2.  Trial counsel provided ineffective assistance in failing to object during the prosecutor's opening statement and in failing to argue in his closing the fact that the prosecutor presented false information to the jury when he stated that a witness, Hope Hoffman, would testify, if located, that she saw [Petitioner] leave the crime scene with a handgun where it was clear in the discovery provided to [Petitioner] that said witness was unable to identify any of the suspects;

> 3.  Trial counsel provided ineffective assistance for failing to object to the prosecutor's closing argument wherein the prosecutor made numerous arguments that were unsupported by the evidence of record regarding [Petitioner's] flight from the scene; and

> 4.  Trial counsel provided ineffective assistance by failing to object to the exclusion of Petitioner and/or his trial counsel during the jury view of the crime scene in this matter.

(Doc. 12, p. 398).

On appeal from the dismissal of the PCRA petition, Petitioner raised the following

issues:

> 1.  Whether the PCRA Court erred and abused it's discretion by denying relief on Petitioner's claim that trial counsel provided ineffective assistance by failing to obtain phone records showing that one of the alleged victims, Steven Gray, knew the [Petitioner], although Gray testified at the time of trial (and in prior matters) that he did not know the [Petitioner] or his co-defendants;

> 2.  Whether the PCRA Court erred and abused it's discretion by denying relief on Petitioner's claim that trial counsel provided ineffective assistance in failing to object during the prosecutor's opening statement and in failing to argue in his

closing the fact that the prosecutor presented false information to the jury when he stated that a witness, Hope Hoffman, would testify, if located, that she saw [Petitioner] leave the crime scene with a handgun where it was clear in the discovery provided to [Petitioner] that said witness was unable to identify any of the suspects ;

3. Whether the PCRA Court erred and abused it's discretion by denying relief on Petitioner's claim that trial counsel provided ineffective assistance for failing to object to the prosecutor's closing argument wherein the prosecutor made numerous arguments that were unsupported by the evidence of record regarding [Petitioner's] flight from the scene; and

4. Whether the PCRA Court erred and abused it's discretion by denying relief on Petitioner's claim that trial counsel provided ineffective assistance by failing to object to the exclusion of Petitioner and/or his trial counsel during the jury view of the crime scene in this matter.

(Doc. 12, pp. 458-459).

Upon dismissal of the PCRA petition, Petitioner petitioned for allowance of appeal to the Pennsylvania Supreme Court. Petitioner's statement of reasons relied on in the Petition for allowance of appeal to the Pennsylvania Supreme Court were:

1. Whether the Superior Court erred in affirming the PCRA Court on Petitioner's claim that trial counsel provided ineffective assistance by failing to obtain phone records showing that one of the alleged victims, Steven Gray, knew the [Petitioner], although Gray testified at the time of trial (and in prior matters) that he did not know the [Petitioner] or his co-defendants;

2. Whether the Superior Court erred in affirming the PCRA Court on Petitioner's claim that trial counsel provided ineffective assistance in failing to object during the prosecutor's opening statement and in failing to argue in his closing the fact that the prosecutor presented false information to the jury when he stated that a witness, Hope Hoffman, would testify, if located, that she saw [Petitioner] leave the crime scene with a handgun where it was clear in the discovery provided to [Petitioner] that said witness was unable to identify any of the suspects ;

3. Whether the Superior Court erred in affirming the PCRA Court on Petitioner's claim that trial counsel provided ineffective assistance for failing to object to the

prosecutor's closing argument wherein the prosecutor made numerous arguments that were unsupported by the evidence of record regarding [Petitioner's] flight from the scene; and

4. Whether the Superior Court erred in affirming the PCRA Court on Petitioner's claim that trial counsel provided ineffective assistance by failing to object to the exclusion of Petitioner and/or his trial counsel during the jury view of the crime scene in this matter.

(Doc. 12, pp. 571-572).

On November 1, 2011, Petitioner filed a third *pro se* PCRA petition. (*Id*.). On November 4, 2011, the YCCP denied the third PCRA petition as untimely. (*Id*.). Petitioner's issues raised were:

1. Ineffective assistance of trial counsel by failing to litigate and argue that Commonwealth's witness, Steven Gray, committed perjury for lying under oath at preliminary hearing and at trial; and

2. Ineffective assistance of PCRA counsel in failing to argue the Commonwealth's witness, Steven Gray, committed perjury at preliminary hearing and at trial when he testified that he did not know [Petitioner].

(Doc. 12, p. 656).

On November 28, 2011, Petitioner filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id*.). On July 24, 2012, the Superior Court of Pennsylvania affirmed the YCCP.

Ground One of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel in, (a) failing to obtain cellular telephone records that would have established that one of the alleged victims knew petitioner, and (b) failing to object. (Doc. 1, p. 7). Ground Two of Petitioner's petition asserts trial counsel rendered ineffective assistance of counsel in the failure to object when the prosecutor engaged in prosecutorial misconduct during his trial in the opening statement to the jury. (*Id*.). Ground Three of Petitioner's petition asserts

trial counsel rendered ineffective assistance of counsel when the prosecutor engaged in prosecutorial misconduct during his trial in the closing argument to the jury (*Id.*). Ground Four of Petitioner's petition asserts that trial counsel and post-conviction counsel rendered ineffective assistance of counsel of counsel by failing to correct false and perjured testimony. (*Id.*).

Respondent contends that Petitioner did not raise the Ground Four issue on direct appeal and therefore, he did not exhaust his state court remedies. Petitioner did not raise his Ground Four claim before the Pennsylvania Supreme or Superior Court. (Doc. 12, pp. 331, 458-459, 571-572). Petitioner raised the claim in his November 1, 2011 third *pro se* PCRA petition which was deemed by the court to be untimely and affirmed by the Superior Court. (*Id.*, p. 656). Thus, the state courts on direct appeal did not consider Petitioner's claim on the merits.

In *Carl v. Good*, 2007 WL 4198417, *4-*5 (M.D. Pa. 11-20-07), the Court stated:

> Habeas corpus relief cannot be granted unless available state court remedies on the federal constitutional claims have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b) (1). This statutory provision has been interpreted to require the federal habeas petitioner to present both the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). To satisfy this requirement, a petitioner must demonstrate that the claim raised was fairly presented to the state's highest court, either on direct appeal or in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997). In addition, the state court must be put on notice that a federal claim is being asserted. *Keller v. Larkins,* 251 F.3d 408, 413 (3d Cir. 2001). If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *See Bronshstein v. Horn,* 404 F.3d 700, 707 (3d Cir. 2005); *Slutzker v.*

*Johnson,* 393 F.3d 373, 379-80 (3d Cir. 2004). Nonetheless, while a prisoner's procedural default may excuse exhaustion, it does not automatically entitle him to federal court review of the merits of his claim. A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 225 (3d Cir. 2001); *Lines v. Larkins,* 208 F.3d 153, 166 (3d Cir. 2000).

We find that Petitioner has not demonstrated either cause and prejudice with respect to his procedural default of his Ground Four claim, or that a fundamental miscarriage of justice will result if this claim is not reviewed. In fact, Petitioner offers no explanation as to why he did not properly present his stated claim to the state courts on direct appeal. Thus, Petitioner has not preserved his Ground Four claim for federal habeas review. We find that Petitioner has procedurally defaulted his Ground Four claim in his habeas petition and recommend that the claim be dismissed.

### 3. *Motion to Stay*

Respondent does not address Petitioner's Motion for a Stay as was ordered by the Court on February 6, 2012. Petitioner asked the court to stay his petition until his appeal is exhausted in the Pennsylvania Superior Court. We find that the "stay and abeyance" approach does not need to be utilized in this case because Petitioner 's appeal has now been decided by the Superior Court of Pennsylvania. The Superior Court affirmed the trial court's determination that the third PCRA which included Petitioner's Ground Four claim was untimely. (2085 MDA 2011).

17

The Court in *Myers* stated:

> In this alternative approach, referred to as "stay and abeyance", the Court issues a stay of the federal habeas proceedings during the time in which the petitioner exhausts state court remedies. *See Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). However, in *Rhines,* the United States Supreme Court expressed the following concerns about this approach: Stay and abeyance, if employed too frequently, has the potential to undermine the [ ] twin purposes [behind the statute of limitations and the exhaustion doctrine]. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition. *Id.* at 277. To address these concerns, the Supreme Court emphasized that stay and abeyance should be available only in "limited circumstances" where the district court has determined that there was good cause for the petitioner's failure to exhaust his claims first in the state court, and that the claims sought to be exhausted are not "plainly meritless." *Id.* The Third Circuit Court of Appeals recently held that, a petitioner seeking to obtain a stay and abeyance should "satisf[y] the three requirements for a stay as laid out in *Rhines:* good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks,* 581 F.3d 187, 192 (3d Cir.2009).

*Id*. at *4-*5.

Petitioner 's appeal has now been decided by the Superior Court of Pennsylvania, therefore, Petitioner's motion for a stay is moot.

### 4. *Merits Analysis*

Ground One of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel in, (a) failing to obtain cellular telephone records that would have established that one of the alleged victims knew petitioner, and (b) failing to object. (Doc. 1, p. 7). A claim of ineffective assistance is governed by the two-prong test set forth by the Supreme

18

Court in *Strickland*: "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. at 687 (1984), 104 S.Ct. at 2052). The first prong is established by a showing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id*. at 686. The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id*. It is well established that counsel cannot be ineffective for failing to raise a meritless claim. *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *Peroza-Benitez v. Lawler*, 2011 WL 744762, *3 (E.D. Pa. 2-9-11)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

The Court in *Grant v. Wilson,* 2009 WL 222945, *6 (W.D. Pa. 1-29-09), stated:

> Because the *Strickland* test is one of objective reasonableness, it does not matter if counsel actually considered the course taken or foregone to determine whether the actions or omissions were objectively reasonable; so long as a hypothetical reasonable attorney could have done the same, there is no ineffectiveness. *Chandler v. United States,* 218 F.3d 1305, 1316 n. 16 (11th Cir.2000). In light of the strong presumption of counsel's effectiveness and the objective reasonableness standard, the Court of Appeals for the Third Circuit has explained, "[i]t is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kauffman,* 109 F.3d

19

186, 190 (3d Cir.1997) (*quoting United States v. Gray,* 878 F.2d
702, 711 (3d Cir. 1989)).

The second prong requires the Petitioner to show that the deficient performance

prejudiced the defense to the extent that the Petitioner was deprived of a fair trial. *Strickland*,

466 U.S. at 687.

Recently, the United States Supreme Court explained the prejudice

requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate
> "a reasonable probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different. A reasonable
> probability is a probability sufficient to undermine confidence in the
> outcome." It is not enough "to show that the errors had some
> conceivable effect on the outcome of the proceeding."  Counsel's errors
> must be "so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable."

*Harrington v. Richter,* 131 U.S., 770, ---- - ----, 131 S.Ct., 770, 777-78, 178

L.Ed.2d, 624, ---- - ---- (2011)(citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that

he or she was prejudiced by the deficient performance of counsel.  *Roe v. Flores-Ortega*, 528

U.S. 470, 476-77 (2000).  Prejudice can be demonstrated by a showing that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694.

As the *Grant* Court, 2009 WL 222945, *6, pointed out:

> In addition, in undertaking a prejudice analysis, the Court properly
> considers the strength of the evidence against the defendant because
> "... a verdict or conclusion only weakly supported by the record is more
> likely to have been affected by errors than one with overwhelming record

support." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d Cir.1999). The *Strickland* test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. *See Strickland,* 466 U.S. at 687; *Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir.1987). As a result, if a petitioner fails on either prong, he loses. *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir.2000); *Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir.1999).

The *Grant* Court further stated:

> "Th[e] Pennsylvania [ineffective assistance of counsel] standard has been found to be materially identical to the test enunciated in *Strickland v. Werts,* 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" *Strickland,* and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.,* the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland."*

*Grant,* 2009 WL 222945, *8 *(citing Werts,* 228 F.3d at 204).

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of trial counsel claims under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Grant,* 2009 WL 222945, *8.

The Superior Court of Pennsylvania, in its January 28, 2011 decision affirmed the trial court's dismissal of Petitioner's PCRA, stating that Petitioner's allegations of ineffectiveness of trial counsel were analyzed as follows:

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Moreover, counsel will not be deemed ineffective if any reasonable basis exist's for counsel's actions. *Commonwealth v. Douglas*, 645 A.2d 226, 231 (Pa. 1994). Trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was not the result of sloth or ignorance of available alternatives. *Commonwealth v. Collins*, 545 A.2d 882, 886 (Pa. 1988) (cited with approval by *Commonwealth v. Hall*, 701 A.2d 190, 204 (Pa. 1997). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-63 (pa. Super. 2000)(quoting *Commonwealth v. Miller*, 431 A.2d 233, 234, (Pa. 1981)).

(Doc. 12, pp. 551-53).

The Superior Court went on to opine that Petitioner's claim does not entitle him to relief. Petitioner argued that Petitioner and the victims knew one another, but the victims lied under oath regarding this fact and if the jury knew this fact, they may have had reasonable doubt as to what occurred and may have acquitted Petitioner of the two serious charges. Additionally, Petitioner contended that Steven Gray pulled a firearm and shot Petitioner before any other shots

were fired and therefore, he acted in self defense. Petitioner testified at the PCRA hearing that he asked trial counsel to obtain the cellular telephone records to prove that Petitioner and the victim knew each other. At the PCRA hearing, trial counsel testified that he did not recall being asked to obtain the records, however, he knew Mr. Gray was not being truthful because his relationship with Petitioner was based on the sale of marijuana. Therefore, as trial strategy, trial counsel did not pursue the relationship between the two men.

The Superior Court looked to the July 20, 2010 PCRA court opinion:

> Having heard testimony at the PCRA hearing and having reviewed the trial record, we do not believe that [trial counsel] was ineffective based on his choice of trial strategy. We agree that attempting to impeach the witness's testimony by introducing the cellular telephone records would have revealed [Petitioner's] involvement in the drug trade and could have been harmful to his case; we do not believe that such a strategy would have been substantially more likely to succeed than the chosen defense strategy, which focused on reasonable doubt. Therefore, we find that this issue is without merit.

The Superior Court of Pennsylvania found that Petitioner's ineffective assistance of counsel claim was without merit, specifically stating that the trial strategy chosen by trial counsel was reasonable. *Commonwealth v. Pierce,* 527 A.2d 973, 975 (Pa. 1987). The Superior Court further noted that Petitioner did not meet his burden of proof to establish that the use of phone records as an impeachment tool offered a potential for success. *Commonwealth v. Clark,* 626 A.2d 154, 157 (Pa. 1993). P. 556.

We agree with the Superior Court that Petitioner's claim lacks merit in light of the evidence of record. Therefore, Petitioner's claim clearly does not meet the *Strickland* standard for ineffective assistance of counsel and the Superior Court's decision was not contrary to

Supreme Court precedents or unreasonable application of Federal law.  Therefore, we will recommend that Petitioner's Ground One claim of his habeas petition be denied.

Ground Two of Petitioner's petition asserts that trial counsel was ineffective for failing to object when the prosecutor engaged in prosecutorial misconduct during his trial in the opening statement to the jury.  Petitioner contends that the prosecutor told the jury that Hope Hoffman would be able to identify him during the opening statement and she did not testify.

The prosecutor informed the jury during his opening statement:

Now, as these three gentlemen exit the store, there's another witness, Miss Hoffman at this point.  I submit, if she is here to testify, her testimony will be that she saw these three gentlemen exit the grocery store.

She identifies at least two of the suspects coming out the store, and she states all three had black handguns in their hand.  They hop into that vehicle, that gold/beige sedan, and tear off up the street and make a left onto Franklin Street and out of her eyesight.

(Doc. 12, p. 34).

Petitioner argued that the police report shows that Miss Hoffman made a statement to the police that she could not identify any of the three men she saw exiting the grocery store.   The Superior Court noted that the PCRA Court concluded that the prosecutor was not specific as to what the witness would say and also indicated that the witness may not be available to testify.  The Superior Court agreed and opined that the record supports the PCRA court's conclusion that Petitioner's ineffectiveness claim does not entitle him to relief.  We agree.  Trial counsel cannot be ineffective for failing to pursue a meritless claim.  Although Ms. Hoffman was not presented by the prosecution as a witness, another eyewitness testified and specifically identified Petitioner as one of the men at the scene of the crime who had a gun and fled the

24

scene. Thus, Petitioner has not demonstrated prejudice. Therefore, we will recommend that Petitioner's Ground Two claim of his habeas petition be denied.

Ground Three of Petitioner's petition asserts that trial counsel was ineffective for failing to object when the prosecutor engaged in prosecutorial misconduct during his trial in the closing argument to the jury. Petitioner argued that the comments of the prosecutor during his closing argument were an attempt to persuade the jury that Petitioner and his co-defendants were attempting to flee the scene as consciousness of guilt rather than for him to seek medical attention as he contended. Petitioner contends that the arguments by the prosecutor were meant to bias the jury. The Superior Court opined that the claim was meritless. The Superior Court agreed as the PCRA court concluded that both versions presented by Petitioner and the Commonwealth in their closings could be derived from the evidence presented at trial. Therefore, trial counsel could not be ineffective for failing to object during the closing argument. The Superior Court agreed with the trial court's conclusion that the Commonwealth is permitted to respond to defense arguments. *Commonwealth v. Koehler*, 737 A.2d 225 (Pa. 1999). We agree. Trial counsel cannot be ineffective for failing to pursue a meritless objection. Therefore, we will recommend that Petitioner's Ground Two claim of his habeas petition be denied.

**V. Recommendation.**

Based on the foregoing, we respectfully recommend that Ground One, Two and Three of Petitioner's habeas petition be denied on the merits. **(Doc. 1)**. We also recommend that Ground Four of Petitioner's habeas petition be dismissed with prejudice because Petitioner procedurally defaulted on the claim. We further recommend that Petitioner's motion to stay be denied as moot. **(Doc. 1)**.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 1, 2012**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUIS HERNANDEZ,                          :        CIVIL ACTION NO. **3:CV-12-0062**
                                         :
      Petitioner                :        (Judge Caputo)
                                         :
      v.                        :        (Magistrate Judge Blewitt)
                                         :
SUPERINTENDENT SAUERS, et al.,           :
                                         :
      Respondents               :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 1, 2012.**

      Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 1,  2012**