IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS HERNANDEZ | : | Case No. 3:12-CV-0062 |
| Petitioner | : | (Judge Brann) |
| v. | : | |
| SUPT. SAUERS, THE DISTRICT ATTORNEY OF YORK, PA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | (Magistrate Judge Blewitt) |
| Respondents. | : | |

## MEMORANDUM

March 15, 2013

**BACKGROUND:**

On December 8, 2011, petitioner, Luis Hernandez, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The respondents are Supt. Sauers, The District Attorney of York, PA and The Attorney General of the State of Pennsylvania. Hernandez brings his petition on four grounds. He alleges that: first, he had ineffective assistance of trial counsel; second, he did not have a fair trial because of statements the prosecutor made during the opening argument; third, he did not have a fair trial because of statements the prosecutor made during the closing argument; and fourth, he had

1

ineffective assistance of trial counsel because trial counsel failed to correct testimony presented at Hernandez's preliminary hearing that trial counsel admits was perjured and, furthermore, that he had ineffective assistance of counsel for his Post Conviction Relief Act (PCRA) petition because his PCRA counsel also failed to correct the allegedly perjured testimony.

At the time Hernandez brought the instant petition, it was a mixed petition, in that some of the grounds for relief were unexhausted in state court.[1] Thus,

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners who have filed a § 2254 habeas petition to exhaust available state court remedies with respect to every claim raised in the federal petition. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the State. . ."  28 U.S.C. § 2254(b)(1)(A).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* The exhaustion doctrine does not require prisoners to file repetitive petitions. *Id.* at 844 (internal citations omitted). The exhaustion doctrine has not required prisoners to raise the same issues when petitioning for collateral relief that have already been decided by direct review. *Id*. However, a prisoner must seek review in a state court of last resort when that court has discretionary control over its docket. *Id*. at 845.

In response to this case, the Pennsylvania Supreme Court issued an Order that an individual convicted of a crime in Pennsylvania need not lodge a discretionary appeal to that court in order to exhaust direct appeal rights; appeal to the Superior Court will suffice. *In re Exhaustion of State Remedies in Criminal*

Herndandez requested this court grant him a stay and abeyance of the petition.

*and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000).

      Before AEDPA was enacted, the Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal district courts could not adjudicate "mixed petitions," that is, petitions that contained even a single unexhausted claim. However, *Lundy* was decided fourteen years before ADEPA was enacted, when there was no statute of limitations on the filing of federal habeas corpus petitions." The AEDPA preserved *Lundy's* total exhaustion requirement, but it also imposed a 1-year statute of limitations on the filing of federal petitions." *Rhines v. Weber*, 125 S.Ct. 1528, 1533 (2005). As a result of the interplay between the total exhaustion requirement and the one-year statute of limitations, petitioners who filed a timely but mixed petition in federal court ran the risk of forever losing their opportunity for federal review of the unexhausted claims. *See id.* As a result, the Supreme Court held that district courts may stay mixed petitions and hold them in abeyance in order to permit a habeas corpus petitioner to return to state court to complete exhaustion of his claims. *See id.* at 1534. A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 1535. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* However, "stay and abeyance should be available only in limited circumstances." *Id.* "A mixed petition should not be stayed indefinitely." *Id.* "[T]he district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the AEDPA." *Id.* "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* A district court generally should not deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See id.* Additionally, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.*

However, at the time of the instant memorandum and order, the one unexhausted ground in Hernandez's petition has now been exhausted by the Pennsylvania Superior Court; consequently, the issue of a stay and abeyance is now moot.

Respondents filed a response to the petition on April 26, 2012. (Doc. No. 12). Hernandez filed his traverse on June 13, 2012. (Doc. No. 16). Magistrate Judge Thomas M. Blewitt filed a twenty-eight page report and recommendation on October 1, 2012. (Doc. No. 17). Judge Blewitt granted an extension of time within which to file objections to the report and recommendation until November 13, 2012. Hernandez did not file objections, but filed a Motion to Amend/Correct the Petition. (Doc. No. 20).

This the matter is now ripe for disposition. Now, therefore, the report and recommendation of the magistrate judge will be adopted in full, and the petition will be dismissed.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

The undersigned will adopt the report and recommendation of the

magistrate judge in full. The magistrate judge found that the motion to stay in abeyance was moot, recommended that grounds one, two and three be dismissed on the merits and recommended that ground four be dismissed because the petitioner procedurally defaulted on his claim. Judge Blewitt should be commended on his report and recommendation; he wrote a full and thorough report that accurately addressed all but one of the issues. The undersigned is adopting his report and recommendation in full. However, although further analysis will not change outcome of the case, in that the petition will still be dismissed, in the interest of completeness, there is one unaddressed issue that must be addressed by this Court.

In his traverse, Hernandez argues based on *Martinez v. Ryan*, that this Court should not dismiss his fourth ground for relief, namely that PCRA counsel was ineffective, by basing the dismissal on the reasoning that Hernandez procedurally defaulted on that claim. 132 S. Ct. 1309; 182 L. Ed. 272 (2012). Hernandez argues that based on *Martinez*, this Court should hear his claim that his PCRA counsel was ineffective for failure to argue that trial counsel was ineffective for failing to correct the testimony by a witness in the preliminary hearing, testimony that trial counsel admitted that he believed was perjured.

The general rule is that, "[t]he ineffectiveness or incompetence of counsel

5

during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. §2254(i). However, in *Martinez, supra,* the Supreme Court was presented with the issue of "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1313.

Martinez was convicted in Arizona, a state where an ineffective assistance of trial counsel claim may not be brought on direct appeal, but only on collateral review. *Martinez*, 132 S. Ct. at 1313. Pennsylvania is also a state where ineffective assistance of trial counsel claims are brought for the first time on collateral review. *See Commonwealth v. O'Berg,* 880 A.2d 597; 584 Pa. 11 (2005); *see also Commonwealth v. Grant,* 813 A.2d 726; 572 Pa. 48 (2002).

While Martinez's direct appeal was pending, his court-appointed collateral review counsel filed a statement asserting that she found that Martinez had no colorable claims. *Martinez,* 132 S. Ct. at 1314. In a second petition for collateral relief in Arizona, the state court found that Martinez had procedurally defaulted on his ineffective assistance of trial counsel claim because he, through his appointed counsel, should have asserted the claim in his first notice for postconviction relief.

*Id.*

Based on this narrow set of facts, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may <u>establish cause</u> for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez,* 132 S. Ct. at 1315 (emphasis added).[2] As discussed by the magistrate judge, a federal court can only reach the merits of a procedurally defaulted claim if the petitioner demonstrates either cause and prejudice in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *Edwards v. Carpenter*, 529 U.S. 446, 451; 120 S. Ct. 1587; 146 L. Ed. 2d 518 (2000). According to the Judge Blewitt, Hernandez raised his fourth ground for relief in his third or successive PCRA petition. (Doc. No. 17 at 16). The Superior Court found that his third or successive PCRA petition was untimely and affirmed the Commonwealth Court's dismissal of the petition without considering the claim on its merits.

Although Hernandez is correct in asserting that *Martinez* allows this Court to find that inadequate assistance of his PCRA counsel may establish <u>cause</u> for his

---

[2]The Supreme Court did not answer the question of whether a prisoner has a <u>constitutional</u> right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. *Martinez, supra,* at 1315.

7

procedural default on this claim, the undersigned agrees with the magistrate judge and holds that Hernandez has not established cause for his procedural default. Interestingly, Hernandez makes absolutely no argument as to what is the said cause for the procedural default; he merely cites to *Martinez* to point out to the Court that the Court is permitted to find cause. The Court still needs Hernandez to provide a reason to find cause; the Court cannot pick a reason to find cause out of thin air. Hernandez had two opportunities to provide arguments that there was cause for his procedural default, initially in his traverse to the response to his petition and secondly in his objections to the report and recommendation.

  Moreover, it appears that Hernandez's PCRA counsel <u>did</u> argue that trial counsel was ineffective for not raising the issue of the perjured testimony at Hernandez's preliminary hearing and the state courts reached the issue on the merits. (Doc. No. 17 at 13). The Superior Court held testimony on the PCRA petition and trial counsel testified that although he knew the witness was lying at the preliminary hearing when he said he did not know Hernandez, trial counsel did not believe it was a smart defense strategy to argue this point because Hernandez and the witness knew each other through the drug trade. (Doc. No. 17 at 22-23). The Superior Court found that the ineffective assistance of counsel claim was without merit, because the trial strategy chosen by trial counsel was reasonable.

(Doc. No. 17 at 23, internal citations omitted).

The instant petition is distinguishable from *Martinez*, because *Martinez's* postconviction relief counsel did not raise his ineffective assistance of trial counsel claim at all. Here, Hernandez's counsel did raise the ineffective assistance of trial counsel claim, and both the Commonwealth Court and Superior Court found that the claim failed.

Hernandez procedurally defaulted in the state court on his claim that his PCRA counsel was ineffective, and now, Hernandez is trying to argue to this Court, via his habeas petition that his PCRA counsel was ineffective for losing the argument on that claim. The state of the law as it stands now is the Hernandez cannot bring a claim of ineffectiveness of PCRA counsel in a habeas petition. *See* 28 U.S.C. § 2254(i). *Martinez* only holds that Hernandez would be able to argue that he has cause to excuse the procedural default in state court had his PCRA counsel not raised the argument that trial counsel was ineffective. But that is not what happened, nor is it what Hernandez is attempting to do. Instead, Hernandez is attempting to argue that PCRA counsel was ineffective for losing the argument in the PCRA hearing.

As a result, the undersigned finds that Judge Blewitt was correct in recommending that this Curt dismiss the entire petition, including the fourth

ground for relief.

                                              <u>/s Matthew W. Brann</u>
                                              Matthew W. Brann
                                              United States District Judge